FILED
**Jan 30, 2019**
**02:00 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jane Watts | ) | Docket No. 2018-01-0371 |
| | ) | |
| v. | ) | State File No. 36148-2018 |
| | ) | |
| JTEKT North America, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded – Filed January 30, 2019

---

Following the employee's report of a work-related back injury, the employer provided a panel of physicians from which the employee selected a doctor for treatment. The doctor's initial report included a statement indicating the doctor did not "feel" the employee's condition "could be considered greater than 50% related to her employment." Based primarily on this report, the employer filed a motion for summary judgment less than thirty days after the issuance of a dispute certification notice. The employee did not file a written response to the motion. The trial court denied the motion, determining the employer's submittals did not negate an essential element of the employee's claim. The employer has appealed. We affirm the trial court's determination that the employer did not negate an essential element of the employee's claim. However, we vacate the trial court's order denying the motion for summary judgment and remand the case for the court to determine whether the employer demonstrated that the employee's evidence was insufficient as a matter of law to establish her claim in accordance with Rule 56 of the Tennessee Rules of Civil Procedure.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Marianna L. Jablonski, Knoxville, Tennessee, for the employer-appellant, JTEKT North America

Jane Watts, Vonore, Tennessee, employee-appellee, pro se

1

**Factual and Procedural Background**

Jane Watts ("Employee") filed a petition for benefits in May 2018 alleging she sustained a back injury on April 19, 2018, while performing work for JTEKT North America ("Employer"). A dispute certification notice was filed on August 15, 2018. Less than thirty days later Employer filed a motion for summary judgment asserting Employee would be unable to produce any expert medical testimony to establish any disputed issue of material fact concerning her claim. Specifically, Employer asserted that no medical doctor had offered an opinion that Employee's alleged injury is more than 50% related to her work, considering all causes. According to Employer, Employee "cannot establish the existence of a work-related injury . . ., causation of same and any resulting disability." Employee did not file a response to the motion or respond to Employer's statement of undisputed facts.

Employer supported its motion with an affidavit of Employer's Health Services Coordinator ("HSC"), a Choice of Physician form (Form C-42) indicating Employee had selected Dr. John Sanabria as her treating physician, and the signed medical report of Employee's May 23, 2018 visit with Dr. Sanabria. Employer's statement of undisputed facts relied heavily on the affidavit of Employer's HSC, which stated that on the morning of April 23, 2018, Employee reported to Employer's on-site nursing office that she needed to go to the emergency room because she was having back pain and numbness that started in her right knee and traveled up her back. According to the affidavit, Employee reported that her pain began on April 19, 2018 and became worse over time. It asserted that the HSC asked Employee if "she had fallen or had been injured in any way at work," and that Employee "denied any work injury." According to the affidavit, Employee was asked to return to the on-site medical clinic following her visit to the hospital so she could advise Employer of any work restrictions or present a release to return to work. It stated that, upon Employee's return to the clinic that afternoon, Employee reported that the emergency room physician had assigned restrictions of no lifting greater than five pounds for three days. The affidavit indicated that the HSC advised Employee that she should follow the restrictions and that Employer would accommodate the restrictions.

The HSC's affidavit stated that Employee returned to Employer's on-site clinic four days later and was seen by a nurse who encouraged Employee to perform daily exercises that could help with sciatica relief and to return to the clinic in one week or sooner if needed. The affidavit further stated that Employee returned to the on-site medical clinic on May 1 and May 2, and that "[t]hroughout all of her visits to the on-site nursing office in April and May 2018, [Employee] never reported any connection between her pain and any work duties or incident occurring at work." According to the affidavit, on May 21, Employer received an email from the Tennessee Bureau of Workers' Compensation advising them Employee had filed a petition for benefits. Finally, the affidavit stated that Employee returned to Employer on May 23 and "alleged

2

she had previously injured herself at work"; that she was "directed to [Employer's] on-site nursing office" where she reported back pain and was provided a panel of physicians; and that she selected Dr. Sanabria from the panel as her treating physician.

The signed medical report of Employee's May 23 visit with Dr. Sanabria noted that Employee alleged sustaining a back injury on April 19, 2018, while "slipping and sliding" on an oily floor and "moving rack bars from one machine to another." It indicated that Employee sought treatment at the emergency room, that she had been diagnosed with sciatica, and that Employee did not "fall or have any specific trauma or strain." Dr. Sanabria's report included the following concerning the cause of Employee's condition:

> We briefly discussed the new State of Tennessee guidelines for workers['] comp. Since there was no specific trauma or strain at work, only "slipping and sliding" on an oily floor, we do not feel her current condition could be considered greater than 50% related to her employment[.]

As previously noted, Employee did not file a response to Employer's summary judgment motion. The trial court conducted a telephonic hearing on the motion, and in response to the judge's prompting during the hearing, Employee attested to the accuracy of a typed but unsigned narrative that Employee had filed with her petition.

The trial court denied Employer's motion, noting that "[i]f [Employer's] production [did] not sufficiently establish a causation opinion, it has not negated [Employee's] claim that her injury is compensable and thus is not entitled to summary judgment." The trial court determined that "summary judgment cannot rest on Dr. Sanabria's opinion for several reasons," stating (1) the doctor "used an incorrect legal standard in concluding that [Employee's] injury is not work-related"; (2) that Dr. Sanabria's opinion "also misstates the statutory standard for determining whether an injurious event at work arose primarily out of and in the course and scope of employment"; and (3) that "summary judgment cannot rest on Dr. Sanabria's opinion because the issue whether [Employee's] description of injury constituted a trauma or strain is a factual determination." Employer has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is an issue of law and, therefore, our standard of review is *de novo* with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *McBee v. CSX Transp., Inc.*, No. W2015-01253-COA-R3-CV, 2017 Tenn. App. LEXIS 129, at *14 (Tenn. Ct. App. Feb. 24, 2017). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250.

**Analysis**

Employer raises four issues on appeal. First, it contends the trial court erred in failing to consider Employee's burden of proof at the summary judgment stage. Employer's remaining issues address the three reasons stated by the trial court as the basis for determining summary judgment cannot rest on Dr. Sanabria's opinion. Employer's issues assert the trial court erred in its determination concerning each of the three reasons. We view the determinative issues to be whether Employer affirmatively negated an essential element of Employee's claim and whether Employer demonstrated that Employee's evidence was insufficient to establish Employee's claim.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In a motion for summary judgment filed by a party who does not bear the burden of proof at trial, the moving party may satisfy its burden of production *either* "(1) by affirmatively negating an essential element of the nonmoving party's claim *or* (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (first emphasis added); *see also* Tenn. Code Ann. § 20-16-101 (2018).

*Whether Employer Negated an Essential Element of Employee's Claim*

Employer relies on statements in Dr. Sanabria's May 23, 2018 report to negate causation, an essential element of Employee's claim. Dr. Sanabria did not provide testimony by affidavit or otherwise, nor was the report upon which Employer relies generated in response to an inquiry requesting Dr. Sanabria's opinions. Rather, the statements are included in Dr. Sanabria's May 23, 2018 report under headings of "History of Present Illness" and "Plan." The report was electronically signed by Dr. Sanabria and was admissible in the Court of Workers' Compensation Claims regardless of whether it was accompanied by an affidavit. *See* Tenn. Comp. R. & Regs. 0800-02-21-.16(6)(b) (2018). Noting that the medical evidence was limited to Dr. Sanabria's report, and asserting that his causation opinion was entitled to a statutory presumption of correctness, Employer contends that Dr. Sanabria's causation opinion "was not and could not have been rebutted . . . [and] must stand." The language in the "Plan" section of Dr. Sanabria's report expressing his "opinion" bears repeating:

> We briefly discussed the new State of Tennessee guidelines for workers['] comp. Since there was no specific trauma or strain at work, only "slipping and sliding" on the oily floor, we do not feel her current condition could be considered greater than 50% related to her employment[.]

4

There is no indication Dr. Sanabria was expressing a causation opinion based upon a reasonable degree of medical certainty. *See* Tenn. Code Ann. § 50-6-102(14)(C), (D). Indeed, the report suggests the statement was based on "the new State of Tennessee guidelines for workers['] comp," which are not identified, described, or addressed in the record. In this context of an apparent discussion of the "new State of Tennessee guidelines," the report states that "[s]ince there was no specific trauma or strain at work," Dr. Sanabria did not feel Employee's current condition could be considered greater than 50% related to her employment.

In evaluating a trial court's decision to deny a motion for summary judgment, we consider the evidence in a light most favorable to the nonmoving party. *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *7 (Tenn. Workers' Comp. Panel Sept. 28, 2016). When evidence is presented to a trial judge in the form of an affidavit and documentary evidence, the reviewing court must reach its own conclusions about the weight afforded the evidence. *See Glisson v. Mohon Int'l, Inc.*, 185 S.W.3d 348, 353 (Tenn. 2006). Having considered the statements in Dr. Sanabria's report in the context in which they were made, particularly concerning the "new" and unidentified State "guidelines," we hold the statements are insufficient to negate causation as a matter of law. Accordingly, we affirm the trial court's determination that Employer did not affirmatively negate causation. However, that does not end our inquiry.

*Whether Employer Demonstrated that Employee's Evidence was Insufficient to Establish Employee's Claim*

Employer contends that because Employee failed to offer any medical evidence in response to its summary judgment motion, Employee failed to establish a genuine issue for trial, entitling Employer to a judgment as a matter of law. As noted in *Rye*, the second manner in which a moving party who does not have the burden of persuasion at trial may satisfy Rule 56's burden of production is to

> demonstrate to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.

*Rye*, 477 S.W.3d at 255 (emphasis omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)). Quoting further from Justice Brennan's dissenting opinion in *Celotex*, in which he sought "to explain more clearly" what is required to meet this second option for satisfying Rule 56's burden, the *Rye* Court stated:

5

Where the moving party . . . seeks summary judgment on the ground that the nonmoving party – who will bear the burden of persuasion at trial – has no evidence, the mechanics of discharging Rule 56's burden of production are somewhat trickier. Plainly, a conclusory assertion that the nonmoving party has no evidence is insufficient. Such a "burden" of production is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment. Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record. This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record. Either way, however, the moving party must affirmatively demonstrate that there is no evidence in the record to support a judgment for the nonmoving party.

*Id.* at 255-56 (emphases omitted) (quoting *Celotex*, 477 U.S. at 331-32 (Brennan, J., dissenting)).

Here, Employee did not respond in writing to Employer's motion for summary judgment as Rule 56 requires. We note, however, that Employer's motion was filed less than thirty days following the issuance of the dispute certification notice, and the hearing of the summary judgment motion was conducted forty-five days later. The record discloses that the trial court conducted another hearing three weeks prior to the summary judgment hearing "to discuss proceedings attendant to [Employer's] Motion for Summary Judgment." The order addressing this hearing reflects that the court "intended to inform [Employee] regarding some of the procedures applicable to the Motion for Summary Judgment." Additionally, the order reflects that Employee did not participate in this hearing.

During the hearing of the summary judgment motion, Employee advised the court she was unaware the summary judgment hearing had been scheduled until a call was placed to her by the court immediately preceding the hearing. Employee did not submit an affidavit indicating she could not present facts essential to justify her opposition to Employer's motion as contemplated in Rule 56.07. However, Employee's request for a continuance during the summary judgment hearing "so [she] could get a little bit more prepared for it" was denied.

In its order denying summary judgment, the trial court identified the issue as whether Employer "produced sufficient evidence of the treating physician's causation opinion to entitle it to summary judgment." Although the court determined Employer did not produce sufficient evidence to negate causation, the court did not address the second

method in which a party filing a motion for summary judgment who does not have the burden of persuasion at trial may satisfy Rule 56's burden of production. Specifically, the trial court did not address whether Employer affirmatively demonstrated the absence of evidence in the record to support a judgment for Employee as contemplated in *Rye*.

## Conclusion

Accordingly, for the reasons stated above, we affirm the trial court's determination that Employer failed to negate causation. However, we vacate the trial court's order denying summary judgment and remand the case for the trial court to determine whether Employer demonstrated that Employee's evidence was insufficient as a matter of law to establish her claim in accordance with Rule 56 of the Tennessee Rules of Civil Procedure.



| | | |
|---|---|---|
| Jane Watts | ) | Docket No.  2018-01-0371 |
| | ) | |
| v. | ) | State File No.  36148-2018 |
| | ) | |
| JTEKT North America, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas L. Wyatt, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 30th day of January, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Jane Watts | | X | | | X | Janew8079@gmail.com; 1847 Hwy 411, Lot 20 Vonore, TN 37885 |
| Marianna Jablonski | | | | | X | mjablonski@wimberlylawson.com |
| Thomas L. Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth  M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov